IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RAVEN TRAUTMAN, )
         Plaintiff, ) Case No. CV10-444-C-EJL
)
vs. ) MEMORANDUM ORDER
)
NEZ PERCE COUNTY SHERIFF'S OFFICE, )
         Defendant. )

Pending before the Court in the above-entitled matter is Defendant Nez Perce County Sheriff's Office's motion for summary judgment (Dkt. No. 8) filed on April 1, 2011. Plaintiff's counsel was served with the motion and her response was due by April 25, 2011. As of the morning of May 24, 2011, no response has been filed by Plaintiff.

The Local Rules of Civil Practice before the United States District Court for the District of Idaho provide in relevant part:

> The responding party must serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely.

D. Id. L. Civ. R. 7.1(c)(1)(emphasis added).

Failure to file a response may be deemed to constitute consent to the granting of the pending motion. D. Id. L. Civ. R. 7.1(e). Pursuant to *United States v. Real Property Located at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is proper unless movant's paper are insufficient to support the motion or on their face the movant's papers reveal a genuine issue of material fact. *See also Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial). Accordingly, the Court will evaluate the motion for summary judgment on the merits.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Background

Plaintiff Raven Trautman ("Trautman") was hired by the Nez Perce County Sheriff's Office ("Sheriff's Office") as a dispatcher on January 14, 2008. Pursuant to the Nez Perce County's ("County") Personnel Policy, Trautman was on probationary status for one year from her start of employment with the Sheriff's Office and could be "dismissed without cause and at the discretion of the supervising Elected Official or Department Head." Section IIB. of Personnel Policy.

The Dispatch Supervisor, Kerry Reagan, received numerous complaints regarding Trautman's performance and interpersonal skills with co-workers. On November 15, 2008, Trautman threw a file at another dispatcher. A written complaint was filed with Ms. Reagan. Ms. Reagan discussed the complaint and other performance issues with Lt. Paul McNish. It was determined that Trautman's employment would be terminated and she was notified of her termination on November 18, 2008.

Trautman raises three claims in her Complaint. She claims her 42 U.S.C. § 1983 civil rights were violated when she alleges the County deprived her of her property and liberty interests without due process; the County breached her employment contract by tortiously and wrongfully discharging her without cause; the County tortiously and wrongfully interfered with her employment contract. Trautman makes unspecified factual allegations regarding sexual discrimination and infliction of emotional distress, but these are not listed as separate causes of action in her Complaint.

It is undisputed that Trautman did not file a claim of sexual discrimination with the Idaho Human Rights Commission or the Equal Employment Opportunity Commission ("EECO") prior to filing her Complaint.

Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975) (*quoting First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371 (9th Cir. 1989).

---

[1] *See also*, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## Analysis

Because Plaintiff was on probationary employment status with the County, there was no employment contract that was violated and the County was free to terminate Trautman's employment during the one year probationary period without cause as long as such termination was not in contravention of public policy. There appears to be no genuine issue of material fact regarding the record indicates the County had numerous instances of performance and interpersonal problems with Trautman. It is not disputed that Trautman threw a file at another co-worker and this was the final performance issue that led to her termination. There is no evidence in the record to support that the County acted with malice or criminal intent with respect to Trautman's termination. There is no evidence of physical manifestations of emotional distress sustained by Plaintiff or that she suffered severe emotional distress as a consequence of her termination.

First, as to the § 1983 claim, "at will" employees do not have a property interest in continued employments. *Bishop v. Wood*, 426 U.S. 341, 346-47 (1976). So the discharge of Plaintiff, even if without cause (which it does not appear to have been the case) is not a civil rights violation. The liberty interest claim of Plaintiff also fails as there is no allegation or evidence that Plaintiff was discharged for reasons which stigmatized her in the community or that the County disclosed to third parties the reasons for Trautman's

discharge. Therefore, the liberty interest claim must be dismissed. *Id.* at 341 and *Portman v. County of Santa Clara*, 995 F.2d 898, 907 (9th Cir. 1993).

Second, as to the tortious and wrongful discharge claim is not a viable claim as in Idaho, wrongful discharge sounds in contract not in tort. *Hummer v. Evans*, 923 P.2d 981, 987-88 (1996). Plaintiff was an "at will" employee and could be fired with or without cause for any reason that does not violate public policy. *Jenkins v. Boise Cascade, Corp.*, 108 P.3d 380, 387 (Idaho 2005).

Third, as to the tortious interference with a contract claim, Plaintiff has failed to show she had an employment contract with the County or that she was anything other than an "at will" employee who could be fired with or without cause. Moreover, Idaho governmental entities are immune under Idaho's Tort Claims Act from claims based on interference with contract rights. Idaho Code § 6-904.

Fourth, to the extent, Plaintiff was claiming she was fired as a result of "sexual discrimination" she has not exhausted her administrative remedies with the Idaho Human Rights Commission or the EEOC.

Fifth, even if the factual allegations in the Complaint could be construed as a claim for emotional distress, Plaintiff has failed to show the requisite level of severe emotional distress or a physical manifestation of emotional distress or extreme or outrageous conduct on the part of the County to support her claim. *Black Canyon Racquetball Club Inc. v. Idaho First Nat. Bank, N.S.*, 804 P.2d 900, 906 (Idaho 1991); *Anderson v. Bonner*, 132 P.3d 1261, 1267 (Idaho 2006). Further, Termination of "at will" employees does not give rise to emotional distress claims. *Sorensen v. St. Alphonsus Regional Medical Center, Inc.*, 118 P.3d 86, 93 (2005).

For all the above reasons, the Court finds summary judgment is appropriate as there are no genuine issues of material fact and the movant's papers are sufficient to support the Court's conclusion that based on the applicable law, the Defendant is entitled to have all the claims dismissed.

Order

Being fully advised in the premises, the Court hereby orders the Defendant's motion for summary judgment(Dkt. No. 8) is GRANTED.

DATED: **May 25, 2011**

Honorable Edward J. Lodge
U. S. District Judge